O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL LING,                          )   Case No. CV 15-02308 DDP (JEMx)
                                    )
              Plaintiff,            )   **ORDER REMANDING ACTION TO LOS**
                                    )   **ANGELES COUNTY SUPERIOR COURT**
     v.                             )
                                    )
DUANE SPENCER LAWSON,               )
                                    )
              Defendant.            )
_____    )

     Plaintiff initiated this unlawful detainer action against
Defendant on February 3, 2015, in the Los Angeles County Superior
Court concerning the property located at 27077 Hidaway Ave., Unit
No. 27, Canyon Country, CA 92351.  Defendant removed the action to
this court on March 37, 2015, alleging federal question subject
matter jurisdiction.

     Federal courts are courts of limited jurisdiction. <u>Owen Equip.</u>
<u>& Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).  Federal
district courts have "original jurisdiction of all civil actions
arising under the Constitution, laws, or treaties of the United
States."  28 U.S.C. § 1331.  Alternatively, district courts may

exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"A suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009). The well-pleaded complaint rule dictates that "a federal question must appear on the face of a properly pleaded complaint." <u>Ansley v. Ameriquest Mortg. Co.</u>, 340 F.3d 858, 861 (9th Cir. 2003) (citing <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998)). "Federal law" cannot be predicated on a defense or counterclaim. <u>Vaden</u>, 556 U.S. at 60 (2009). Defenses and counterclaims based on federal law are, therefore, insufficient to create federal jurisdiction. <u>See HSBC Bank USA v. Santiago</u>, No. CV 10-04127, 2011 WL 165382, at *1-2 (C.D. Cal. Jan. 18, 2011).

As the removing party, Defendant bears the burden of proving federal jurisdiction. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996); <u>see also Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). If Defendant fails his burden, Title 28 U.S.C. § 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction.

In this case, the sole cause of action in the Complaint is unlawful detainer to recover possession of real property. "An unlawful detainer action is a true state law claim." <u>Fed. Nat. Mortgage Ass'n v. Tinoco</u>, 2012 WL 3279288, at *2 (C.D. Cal. Aug. 9, 2012). Because the sole claim in the Complaint arises under state law, there is no basis for federal question jurisdiction.

1    Additionally, the Complaint states in the caption that the amount

2    in controversy does not exceed $10,000, meaning that there is no

3    basis for diversity jurisdiction.  (Compl. at 1.)

4        Defendant asserts that a "Federal question exists because

5    Defendant's Demurrer, a pleading depend [sic] on the determination

6    of Defendant's rights and Plaintiff's duties under federal law."

7    (Notice of Removal at 2.)  However, even had Defendant asserted a

8    specific federal law as relevant to his defense, defenses based on

9    federal law do not confer federal subject matter jurisdiction.

10   Therefore, Defendant has not met his burden to show that this court

11   may exercise jurisdiction over the instant action.

12       Accordingly, the court REMANDS this action to Los Angeles

13   County Superior Court.  In addition, the APPLICATION TO PROCEED IN

14   DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (DOCKET NUMBER 3) is

15   vacated as moot.

16

17

18   IT IS SO ORDERED.

19

20

21   Dated: April 21, 2015

22                                       DEAN D. PREGERSON
                                         United States District Judge

23

24

25

26

27

28

3